UNITED STATE DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEORGE T. FULWOOD
    Plaintiff,

v.

THE LAW OFFICES OF SIDNEY MICKELL, AND
CACH, LLC.,
    Defendants.
_____/

# COMPLAINT
## JURY DEMAND

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant, THE LAW OFFICES OF SIDNEY MICKELL, placed telephone calls into this District.

## PARTIES

3. Plaintiff, GEORGE T. FULWOOD, is a natural person, and citizen of the State of Florida, residing in Hillsborough County, Florida.

4. Defendant, THE LAW OFFICES OF SIDNEY MICKELL, ("MICKELL") is believed to be a fictitious name of SIDNEY MICKELL, a natural person and member of the California Bar,

with his principal place of business at Suite 113, 5050 Palo Verde Street, Montclair, California 91763.

5. Defendant, CACH, LLC, is believed to be a limited liability company with its principal place of business at Second Floor, 4340 South Monaco Street, Denver, Colorado 80237.

6. Defendant, CACH, LLC, is registered as a consumer debt collector with the Florida Department of Financial Regulation.

7. Defendant, CACH, LLC, is vicariously liable for the actions of its counsel, Defendant, SIDNEY MICKELL as principal and or joint venture. See *Fox v. Citicorp,* 15 F.3d 1507, 1516 (9th Cir. 1994); *Kimber v. Federal Financial Corp.*, 668 F. Supp. 1480 (M.D. Ala. 1987); *Ditty v. Checkrite* 973 F. Supp. 1320; and 17 Am. Jur. 2d. Consumer Protection §200 (1990).

8. Defendants regularly use the mail and telephone in a business the principal purpose of which is the collection of debts.

9. Defendants regularly collect or attempt to collect debts for other parties.

10. Defendants are "debt collectors" as defined in the FDCPA.

11. Defendants were acting as debt collectors with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

12. On or about September 6, 2010 Plaintiff received a letter from the Defendant Mickell indicating that they had been retained by Defendant CACH to collect a debt originally owed to Bank of America.

13. The alleged debt owed to Bank of America was incurred primarily for personal, family or household purposes.

14. On or about September 15, 2010 Plaintiff's wife was babysitting at the home of Martha Thompson.

15. Ms. Thompson is the mother of Plaintiff's wife and also their neighbor.

16. While Plaintiff's wife was at her mother's house the phone rang and the answering machine answered the call.

17. A representative of Defendant Mickell left a message on the machine requesting that Plaintiff immediately call the Law Office of Sidney Mickell.

18. Plaintiff's wife then asked her mother if she had received any other messages like that and her mother said that Defendant Mickell had left two similar messages previously.

19. Plaintiff then called Defendant Mickell and spoke to a representative.

20. The representative told Plaintiff that he was attempting to collect a debt owed to Bank of America.

21. Plaintiff asked the representative why they had left a message for him on his neighbor's answering machine.

22. The representative told Plaintiff that he was allowed to contact anyone he wanted in order to locate Plaintiff.

23. Although a debt collector is allowed to contact third parties to seek location information, Defendant Mickell did more than request location information, it left a message requesting that Plaintiff return the phone call.

24. Plaintiff then explained to the representative that he was having financial difficulties and would be unable to pay anything on the account until at least December.

25. The representative then transferred Plaintiff to another representative.

26. Once again Plaintiff explained his situation to the other representative and told him that he would not be able to pay anything on the account until December.

27. The representative then asked him if he could borrow $7,000.00 from someone to settle the account.

28. Plaintiff told him that he could not borrow the money.

29. The representative then told Plaintiff that he was going to recommend that his client file a lawsuit against Plaintiff to collect the money.

30. As of this date, despite the fact the Plaintiff has not paid the alleged debt, a lawsuit has not been filed by CACH as threatened by Defendant Mickell.

31. Defendant Mickell disclosed personal information about Plaintiff to his neighbor which caused him great embarrassment, humiliation and stress.

**Claims for Relief**

**First Claim for Relief**
**FDCPA Violation**
**George T. Fulwood v. The Law Office of Sidney Mickell**

Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 31.

32. Defendant's actions were performed with the intent to coerce Plaintiff into paying a defaulted consumer debt.

33. The foregoing acts and omissions of Defendant constitute numerous and several violations of the FDCPA, including, but not limited to, 15 U.S.C. §§ 1692b(1) 1692b(3), 1692c(b) 1692d, 1692e, and 1692f.

34. As a result of the above violations of the FDCPA, Plaintiff is entitled to recovery for actual damages, statutory damages, and attorney's fees and costs.

**Second Claim for Relief**
**FCCPA Violation**
**George T. Fulwood v. The Law Office of Sidney Mickell**

Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 31.

35. Defendant's actions were performed with the intent to coerce Plaintiff into paying a defaulted consumer debt.

36. The foregoing acts and omissions of Defendant constitute numerous and several violations of the FCCPA, including, but not limited to, F.S.A. 559.72(5), and F.S.A. 559.72(7).

37. As a result of the above violations of the FCCPA, Plaintiff is entitled to recovery for actual damages, statutory damages, punitive damages and attorney's fees and costs.

**Third Claim for Relief**
**FDCPA Violation**
**George T. Fulwood v. CACH, LLC**

Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 31.

38. Defendant's actions were performed with the intent to coerce Plaintiff into paying a defaulted consumer debt.

39. The foregoing acts and omissions of Defendant constitute numerous and several violations of the FDCPA, including, but not limited to, 15 U.S.C. §§ 1692b(1) 1692b(3), 1692c(b) 1692d, 1692e, and 1692f.

40. As a result of the above violations of the FDCPA, Plaintiff is entitled to recovery for actual damages, statutory damages, and attorney's fees and costs.

**Fourth Claim for Relief**
**FCCPA Violation**
**George T. Fulwood v. CACH, LLC**

Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 31.

41. Defendant's actions were performed with the intent to coerce Plaintiff into paying a defaulted consumer debt.

42. The foregoing acts and omissions of Defendant constitute numerous and several violations of the FCCPA, including, but not limited to, F.S.A. 559.72(5), and F.S.A. 559.72(7).

43. As a result of the above violations of the FCCPA, Plaintiff is entitled to recovery for actual damages, statutory damages, punitive damages and attorney's fees and costs.

### Prayer for Relief

WHEREFORE, Plaintiff respectfully prays that this Honorable Court enter judgment against all Defendants for the following:

a. Declaratory judgment that Defendants' conduct violated the FDCPA and FCCPA;

b. Adjudications that Defendants' acts were in violation of the FCCPA;

c. Actual damages, pursuant to 15 U.S.C. § 1692k(1) and F.S.A. § 559.77(2);

d. Statutory damages, pursuant to 15 U.S.C. § 1692k(2)(A) and F.S.A. § 559.77(2);

e. Punitive damages, pursuant to F.S.A. § 559.77(2);

f. Costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(3) and F.S.A. § 559.77(2); and

g. Such other and further relief as may be just and proper.

Respectfully submitted, this 3rd day of December, 2010.

/s/ G. Donald Golden
G. DONALD GOLDEN, ESQUIRE
Florida Bar No. 0137080
E-Mail: don@brandonlawyer.com
JOSEPH B. BATTAGLIA, ESQUIRE
Florida Bar No. 0058199
E-Mail: joe@brandonlawyer.com
THE GOLDEN LAW GROUP

        808-A Oakfield Drive
        Brandon, Florida 33511
        Telephone:  (813) 413-8700
        Facsimile:    (813) 413-8701
        Attorney for Plaintiff

**<u>DEMAND FOR JURY TRIAL</u>**

PLEASE TAKE NOTICE that Plaintiff demands trial by jury in this action.

        /s/ G. Donald Golden
        G. DONALD GOLDEN, ESQUIRE